The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYDIA WORK and DONALD WORK,

Plaintiffs,

v.

CRESTBROOK INSURANCE COMPANY,

Defendant.

No. 3:20-cv-5719-BHS

JOINT STATUS REPORT AND
DISCOVERY PLAN

The parties, through undersigned counsel, participated in the conference required by Fed. R. Civ. P. 26(f), Local Civil Rule 26(f), and the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement.  The parties hereby jointly submit the following:

## JOINT STATUS REPORT AND DISCOVERY PLAN

**1.    Statement of Nature and Complexity of the Case.**  This is an insurance coverage lawsuit stemming from a claim plaintiffs Lydia and Donald Work (collectively, "Plaintiffs" or "Work") submitted for damage to their residence located in Kalama, Washington, under a property insurance policies issued to Plaintiffs by defendant Crestbrook Insurance Company ("Defendant" or "Crestbrook").  Crestbrook determined its coverage obligation was limited by the terms of the insurance policies.  Plaintiffs dispute Crestbrook's reliance on the policy limitations and assert it underpaid their insurance claim.  Plaintiffs seek damages from

JOINT STATUS REPORT AND DISCOVERY PLAN – Page 1
No. 3:20-cv-5719-BHS
2791901 / 1773.0017

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Crestbrook for breach of contract, tortious bad faith, and violation of the Consumer Protection Act and the Insurance Fair Conduct Act.  Crestbrook denies liability for any of Plaintiffs' claims. The parties agree this is not a complicated case within the context of Fed. R. Civ. P. 16(c)(2)(L).

**2.      Deadline for Joinder of Additional Parties.**  The parties agree a reasonable deadline for joining additional parties is on or before December 7, 2020.

**3.      Assignment to United States Magistrate Judge.**  The parties do not consent to submission of the case to a United States Magistrate Judge.

**4.   Proposed Discovery Plan (Fed. R. Civ. P. 26(f)(3))**

(A)   **Initial Disclosures.**  The parties agree to abide by the Court's Order to exchange Initial Disclosures on or before October 26, 2020. [Dkt. 4]

(B)   **Discovery to be Conducted.**  The parties anticipate they will exchange written discovery and take depositions of fact and expert witnesses.  Plaintiffs anticipate they will pursue discovery regarding all topics relevant to their claims and the basis of the defenses asserted by Crestbrook.  Crestbrook anticipates pursuing discovery on all topics relevant to Plaintiffs' claims and claimed damages.  The parties do not anticipate the need to conduct discovery in phases.  The parties agree discovery can be completed by July 2, 2021.  They also propose the following timeline for discovery: (1) Expert Disclosures, if any, shall be exchanged by April 2, 2021; and (2) Rebuttal Expert Disclosures, if any, shall be exchanged by May 7, 2021.

(C)   **Electronically Stored Information.**  The parties agree to exchange electronically stored information as appropriate, and to produce any such unprivileged information as it is maintained in the ordinary course of business.  The parties do not anticipate any issues or complications regarding electronically stored information.  If any such issues arise, the parties will meet and confer regarding whether to adopt the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation (the "Model Protocol").  At this time, the parties do

JOINT STATUS REPORT AND DISCOVERY PLAN – Page 2
No. 3:20-cv-5719-BHS
2791901 / 1773.0017

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

not adopt the Model Protocol.

(D) **Privilege Issues.** The parties anticipate there may be discovery issues relating to certain potentially privileged materials, including materials that may be protected from disclosures under the attorney-client privilege and the attorney work product doctrine. The parties anticipate working together to resolve these issues and seeking Court intervention only when necessary. The parties further agree that inadvertent disclosures shall be addressed in accordance with Fed. R. Civ. O. 26(b)(5)(3) and Fed. R. Evid. 502(b).

(E) **Proposed Limitations on Discovery.** The parties agree the presumptive limitations on discovery under the Federal Rules of Civil Procedure and the Local Civil Rules should not be altered at this time. The parties agree this representation is without prejudice to the right of any parties to later seek relief from those limitations.

(F) **Discovery Related Orders.** The parties do not currently anticipate the need for any discovery related orders.

5. **The Parties' Views, Proposals, and Agreements (Local Civil Rule 26(f)(1))**

(A) **Prompt Case Resolution.** The parties have conferred regarding possible early resolution of the case, including resolving the case without the need for extensive formal discovery, motion practice, or trial. Plaintiffs have provided Crestbrook with a settlement demand and Crestbrook is presently consider its response to that demand.

(B) **Alternative Dispute Resolution.** The parties anticipate they may engage in mediation if the parties' private settlement discussions are unsuccessful.

(C) **Related Cases.** None.

(D) **Discovery Management.** The parties intend to efficiently manage discovery within the limitations set forth in the Federal Rules of Civil Procedure and Local

JOINT STATUS REPORT AND DISCOVERY PLAN – Page 3
No. 3:20-cv-5719-BHS
2791901 / 1773.0017

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Civil Rules.   The parties do not anticipate any issues regarding disclosure or discovery of electronically stored information.

(E) **Anticipated Discovery Sought.**  The parties anticipate they will exchange written discovery and take depositions of fact and expert witnesses.  Plaintiffs anticipate they will pursue discovery regarding all topics relevant to its claims and the basis of the defenses asserted by Crestbrook.  Crestbrook anticipates pursuing discovery on all topics relevant to Plaintiffs' claims and damages.

(F) **Phasing Motions.**  The parties do not believe it is necessary for the Court to establish phasing of the parties' motions.  The parties do agree to work together with regard to scheduling motions in a manner that takes into account the efficiency of resolving the issues in the case.

(G) **Preservation of Discoverable Information.**  The parties have taken reasonable steps to preserve discoverable information.

(H) **Privilege Issues.**  As noted above, the parties anticipate there may be privilege issues surrounding the attorney-client privilege and work product doctrine.  The parties are committed to working together to resolve any such issues as they arise and, if not resolved privately, working together to present the issues to the Court. In the event of an inadvertent production of materials subject to a claim of privilege or work product protection, the parties agree to comply with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b).

(I) **Model Protocol for Discovery of ESI.**  The parties do not currently anticipate any issues regarding exchange of electronically stored information.  If such an issue arises, the parties agree to meet and confer regarding whether to adopt the Model Protocol.  At this time, the parties do not adopt the Model Protocol.

(J) **Alternatives to Model Protocol.**  The parties do not anticipate any issues regarding disclosure or discovery of electronically stored information and, therefore, do not

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

anticipate the need to adopt alternatives to the Model Protocol.

**6.      Discovery Completion.**  The parties have conferred and believe discovery can be completed by July 2, 2021.

**7.      Bifurcation.**  The parties do not believe this case should be bifurcated.

**8.      Pretrial Statements and Pretrial Orders.**  The parties agree the case is an appropriate case for pre-trial statements and a pre-trial order.

**9.      Individualized Trial Program.**  The parties do not believe this case should be submitted to the Individualized Trial Program.

**10.     Suggestions for Shortening or Simplifying Case.**  The parties have no suggestions at this time for nay orders or other formal methods of shortening or simplifying the case.  The parties are prepared to made good faith efforts to assess whether certain issues should be resolved on early motions following some discovery.  The parties agree that scheduling Fed. R. Evid. 104 hearings and motions, if applicable, will shorten and simplify the trial.

**11.     Date Ready for Trial.**  The parties anticipate the case will be for trial on September 14, 2021.

**12.     Jury or Non-Jury Trial.**  Plaintiffs have demanded a jury trial.

**13.     Length of Trial.**  The parties anticipate trial in this matter will take 3-4 days.

**14.     Trial Counsel.**  Below is the contact information for trial counsel for the parties:

Plaintiffs Lydia and Donald Work: Nick Thede and Kyle Sturm, Foreman Sturm & Thede LLP, P.O. Box 13098, Portland, Oregon 97213, t: 503.206.5824.

Defendant Crestbrook Insurance Company: Stephanie Andersen and Paul S. Smith, Forsberg & Umlauf P.S., 901 Fifth Avenue, Suite 1400, Seattle, Washington 98164, t: 206.689.8500.

**15.     Trial Date Complications.**

Counsel for Plaintiffs has the Following Trial Conflicts:

None.

JOINT STATUS REPORT AND DISCOVERY PLAN – Page 5
No. 3:20-cv-5719-BHS
2791901 / 1773.0017

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

1     <u>Counsel for Defendant has the Following Trial Conflicts:</u>

2     None.

3     **16.**     **Service on Defendant.**   All defendants have been served.

4     **17.**     **Scheduling Conference.**   The parties agree a scheduling conference is not

5 necessary prior to entry of a scheduling order.

6     **18.**     **Corporate Disclosure Statements (Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1).**

7 Crestbrook filed its Corporate Disclosure Statement with the Court on August 19, 2020 [Dkt. 9].

8 Plaintiffs are not under an obligation to file a Corporate Disclosure Statement.

9     DATED this 20th day of October, 2020.

10                     FOREMAN STURM & THEDE, LLP

11

12                     By:    */s/ Nicholas A. Thede*
                      Nicholas A. Thede, WSBA No. 43765

13                       Kyle A. Sturm, *pro hac vice pending*
                      P.O. Box 13098

14                       Portland, Oregon 97213
                      T: 503.206-5824

15                       E-mail: nick.thede@foremansturm.com
                      E-mail: kyle.sturm@foremansturm.com

16

17                     FORSBERG & UMLAUF, P.S.

18                     By:    */s/ Paul Smith*
                      Stephanie Anderson, WSBA No. 22250

19                       Paul S. Smith, WSBA No. 28099

20                     901 Fifth Avenue, Suite 1400
                      Seattle, Washington 98164

21                     T: 206.689.8500
                      E-mail: sanderson@foum.law

22                     E-mail: psmith@foum.law

23

24

25

26

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824